*107
 
 Ruffin, C. J.
 

 We think both of the orders pefectly correct. This was not an attempt to deprive the defendant of his deed. That is what is to be done by the decree on the hearing, if it should be found to be a forgery. But, before the hearing, the Court often directs the production of papers, and, if necessary to the purposes of the causet .the deposit of them in Court, for their security and for inspection. As to the former, no case, perhaps, is made here, as no ground is laid for supposing, that the defendant will not produce the deed on the hearing, nor that it would prejudice the plaintiff, if he. did not produce it; for the non-production would no doubt entitle the plaintiff to a decree declaring it a forgery,, and perpetuating the injunction. But, clearly, the inspection of the instrument is indispensable to the plaintiff’s preparation for the hearing, as it is impossible, that, without the deed, he can give evidence as to the hand writing and various other matters, tending to show that the instrument, is not genuine. Of course, the order tor the production of the paper is not depriving the defendant of his deed at all. The Court does not put it into the hands of the plaintiff, but in those of its officer; and the Court is necessarily obliged to have confidence, that the officers of the Court— the Master, Solicitor, and Counsel — are to be trusted with the custody and inspection of the papers and records in every' cause. Here the the defendants admit they have the deed, and therefore it is subjecting them to no difficulty to require its production from them. When produced, it will
 
 be
 
 as accessible to the defendants as to the plaintiff, and both may with equal facility take proofs as to its execution. Indeed, the refusal to produce it furnishes evidence of the intention of unfairness in the management of the cause, and adds much to the suspicion excited by the case made in the bill and answer. It was no favor which the plaintiff asked ; for, when the object of a suit is to destroy a deed, as upon an allegation of forge
 
 *108
 
 ry, the plaintiff has a right to have it produced, and left in Court for the inspection and the better examination of witnesses.
 
 Bechford
 
 v. Wildman, 16 Yes. 438. And although in that case it was said, that the production would not be ordered upon a mere suggestion in a bill of the forgery, but that a special ground must be made out, yet that does not affect the present question, because here the, bill is a sworn one, expressly averring the special case of forgery. It has always been the course in this State to order the instrument thus contested to be brought into Court for the purposes of inspection,
 
 Cooper
 
 v. Cooper, 2 Dev. Eq. 29S ; and the wonder is, that, instead of merely refusing to dissolve the injunction, the Court had not attached the parties upon the spot, not simply for noncompliance with the order, but for the positive refusal to do so in the face of the Court.
 

 That was, of itself, a sufficient reason for not hearing the defendant’s motion to dissolve; for, while in contempt, they had no right to ask any thing. But the answers are, upon their face, insufficient and suspicious. Besides the singular reason given for depriving the defendant’s son of the benefit bestowed by the will — which could not have extended to the land devised to him — there are the extraordinary circumstances, that there was no communication of the. plaintiff’s intention to make the deed to any one but the defendants: that while they remained friendly, from April to July, and while they lived together, up to September, no communication of the existence of the instrument was made to any one as far as is alleged : and that it was only after the dissension between the parties, that the deed was put into the hands of Gardner, and after the final breach and reparation, upon the mortal assault on the plaintiff laid to the defendant Tunnell, that the parties made known generally, that they had such an instrument. Certainly, upon such an account of such an instrument, disposing of the plaintiff’s whole estate as a,
 
 *109
 
 gift, no Court could feel any assurance, that the deed was genuine, although in some parts of the answers it is averred to be so.
 

 Per Curiam.
 

 Orders affirmed, with costs in this Court.