Nash, J.
 

 In this case, the lessor of the plaintiff claimed through a judgment and execution against the defendant, in favor of "himself. The levy on the defendant's land, under which the sale was made, was as follows : “ Levied on 265 acres of land lying on the Arrarat river, adjoining Tyro, Glen, and others, whereon Iredell Jackson now lives.” A further return was endorsed, viz : “ sold the same on the 10th day of November, as the property of Iredell Jackson, to John H. Jackson for $495. &c.” The defendant had title to 265 acres of land by two deeds, one for 165 acres, and the other for 100. These two parcels at the same point were fifteen chains distant, having a parcel of 74 acres between. The defendant’s dwelling house was on
 
 *160
 
 the parcel of 165 acres, his bam on the
 
 71,
 
 and his cultivated fields occupied portions of the three parcels (of the 100 acres, as well as the others) and the premises had been thus occupied for more than 20 years. The Sheriff's deed to the lessor of the plaintiff describes the land sold as the 165 acres, and the 100 acres, and conveys them by separate descriptions. The body of land is on the Arrarat river, adjoins the lands of Tyro, Glen, and others, and is embraced within the plaintiff’s declarations.'
 

 The tax list was introduced, and the Justice appointed hy the County Court to take it, who proved that the land was given in to him as a single parcel, and was entered on the list as 105 acres, adjoining the lands of Tyro, Glen, and others. The return of the sale, and the evidence of the 'tax list taken, were objected to, but received by the Court. There was also evidence on the part of the plaintiff, that the land in question was by each proprietor, as now, cultivated as one plantation, and regarded and known in the neighborhood as one parcel only. The defendant offered in evidence the record of a former suit, by action of eject-inent between the parties, for the premises, but the Court ruled it to be inadmissible. On the part of the defendant, it was insisted, that the Sheriff could
 
 not, legally, sell but one
 
 parcel, under his levy, viz : the 165 acres1; and that, if he could sell more, he could sell only 265 acres, including the parcel he levied on and the lands adjoining ; that the deed for 100 acres was voi.l, and, especially, that a deed for two parcels, when hie levy described it only as one, was void. The Court instructed the Jury, that the levy ought to describe,.with certainty, the things seized for sale, so as to inform the parties and the public, with precision, what is to be sold for the satisfaction of the debt. If the entire body of land, claimed by defendant, was understood to be included in the description, as a single parcel, and as well known
 
 *161
 
 by such description, as by describing the parcels by their respective, boundaries, or by any other means, the levy and sale were legally sufficient to include the whole, and the Sheriff’s deed, notwithstanding it described the land sold as two parcels, separate from each other, would convey the defendant’s title to all embraced by the terms of the deed. And it was submitted as a question of fact to be enquired of by the Jury, whether the description was thus comprehensive, explicit, and intelligible. Verdict for plaintiff. The defendant excepts for the admission of improper testimony, for the rejection of proper, and for error in the instructions. Rule discharged, and the defendant appealed.
 

 We concur with his Honor, who tried this cause below, both in receiving the testimony objected to, and in his charge to the Jury. The case of
 
 Judge and
 
 Houston, 12 Ire. 108, is decisive upon both points. There, the Sheriff’s return was, “levied this execution on the land of S.. M. Houston, on the east side of the north-east river, adjoining the lands of Stephen M. Grady and others, and after due advertisement, sold the land levied on, &c., at which time and place, Israel A. Judge became the last and highest bidder, &c.” The defendant owned two tracts, designated on the trial as No. 1 and No. 2, which were two miles apart, and No. 2 did not adjoin the lands of Stephen M. Grady. The plaintiff was suffered, after the objection by the defendant, to prove by the officer who made the .levy, “ that he intended to levy upon all the interest of the defendant in all the lands he had in the neighborhood, and that he sold.all the lands in dispute, and which were before levied on, and were the same as those set forth in the Sheriff’s deed.” The Court here decide, that there was no error in the admission of the testimony. His Honor, Judge Pbakson, in delivering the opinion of the Court, adverts
 
 *162
 
 to the difference between a levy of a Constable on land, and that of a Sheriff, under a
 
 fi.fa.
 
 The levy, in the case we are considering, is as follows:
 
 “
 
 levied on 265 acres of land, lying on the Ararrat River, adjoining the lands of Tyro, Glen, and others, on which Iredell Jackson-lives,” and one hundred and sixty-five acres were owned by Jackson, in one body, but not contiguous with the former, .and separate from it
 
 by
 
 a portion of a seventy-four acre tract. In this seventy-four acre tract was his barn, and his cultivated grounds extended to each. The evidence objected to was to prove, that Jackson, the defendant, and the preceding occupiers of the land, had cultivated and used the whole land as one body, for twenty years and more. It was clearly admissible, and the Sheriff was justified in soiling the whole. Nor is it any objection that, in making the deed to the purchaser, he described the lands as being in two tracts *, they both together made out the number of acres, which, by his return, he said he had levied on, and, in other respects, they answered the description given. In such cases, the inquiry is, has the Sheriff sold this particular -land under the execution ? and his return is to be taken as true until the contrary is shown. Here there is no such attempt, aside from the separation of the two tracts, and that fact is answered by the evidence, and, being a matter of fact, was properly left to the Jury.
 

 Pee Curiam» Judgment affirmed.