MILLS v. LUMBER CO.

(Filed November 15, 1905).

*Production of Papers —Administrative Order —Renewal of Motion.*

1.  Section 578 of The Code, which provides that the clerk or judge may in their discretion order either party to give to the other an inspection and copy, or permission to take a copy, of any papers containing evidence relative to the merits of the action, does not authorize an order that the respondent be required to *deposit the papers* in the clerk's office.

2.  An order of the judge, reversing an order of the clerk with reference to the production of papers, is a discretionary matter, and being an administrative order in the cause, and not affecting the merits, is not *res judicata* and the motion can be renewed and a new order obtained.

ACTION by W. A. Mills against Biscoe Lumber Co., heard by *Judge R. B. Peebles,* on July 29, 1905, on appeal from an order made by the clerk in an action pending in the Superior Court of MONTGOMERY County. From an order reversing the order of the clerk, the defendant appealed.

*Adams, Jerome & Armfield* for the plaintiff.
*Hinsdale & Hinsdale* for the defendant.

CLARK, C. J. The Code, section 578, provides that the court, i. e., clerk (Code, section 132), or judge, "may in their discretion and upon due notice order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any books, papers and documents in his possession or under his control containing evidence relating to the merits of the action or the defense therein." This was a motion in the cause by the defendant before the clerk for an inspection of papers, etc., of that nature in possession of the plaintiff. The clerk made an order re-

quiring the plaintiff to "produce and deposit in the office of the clerk" certain papers described in the order, and that "in order that the defendant, its agents or attorneys may in the presence of the clerk examine and take copies thereof, it is further ordered that said notes, letters, papers, documents and books of account shall be deposited in said clerk's office on or before 12 August, 1905, and shall remain in said office two weeks."

The plaintiff excepted "to so much of the order as requires the plaintiff to deposit the papers with the clerk and allow them to remain two weeks." On appeal the judge briefly entered, "The above judgment is reversed." The judgment of the clerk was erroneous in the particular excepted to. There is nothing in the statute which authorizes an order that the respondent be required to *deposit the papers.* In practice, this might prove oppressive and detrimental. The papers and books might be necessary in the conduct of the plaintiff's business and there is no guaranty of their safety when so deposited. All that the statute authorizes is an order that the papers be produced with sufficient opportunity to the other side to inspect the same and take a copy. *Sheek v. Sain,* 127 N. C., 272.

The judge probably did not intend to do more than reverse the part of the order objected to. But if he did, it was a discretionary matter, and the order being an administrative order in the cause and not affecting the merits, it is not *res judicata* and the motion can be renewed and a new order obtained, in the discretion of the court or judge, of the tenor authorized by the statute. Indeed, the plaintiff is not resisting an order of that purport.

No Error.