BURLESON MICA COMPANY ET AL. v. SOUTHERN EXPRESS COMPANY AND AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 14 December, 1921.)

### 1. Discovery—Evidence—Statutes.

To obtain an order for the inspection of papers, C. S., 1823, it is necessary for the party desiring their use to set forth the facts or circumstances in his affidavit from which their materiality and necessity may be seen by the court, and an allegation merely that an examination, etc., is material and necessary is but a conclusion of law of such party or his own opinion thereof, and is insufficient.

### 2. Same—Trials—Orders—Judgments.

An order of the court under the provisions of C. S., 1823, 1824, for the inspection of papers by the adverse party to the action, or their necessity for being produced on the trial, is fatally defective when requiring them to be filed with the clerk of the court at a certain time and leaving them there indefinitely, beyond the control of the party to whom they belong, it being required that the order should either designate a certain time for their inspection by the applicant or produce them upon the trial, if a previous inspection of them is not desired.

APPEAL by American Railway Express Company from *Ray, J.,* at August Term, 1921, of MITCHELL.

Summons was issued against both defendants on 22 November, 1919. The Southern Express Company entered a special appearance, and moved to dismiss the action as to it on the ground that process had not been served. There was an order for an alias summons, and an alias writ of attachment against the stock held by the Southern Express Company in the American Railway Express Company. Plaintiffs alleged that mica of the value of $1,290, the property of the mica company, was delivered to the Southern Express Company for transportation from Thomaston, Georgia, to J. E. Burleson at Spruce Pine, Mitchell County; that the Southern Express Company put the mica in care of the American Railway Express Company for transportation, and that the defendants negligently failed to transport and deliver it. Answer was filed by American Railway Express Company. J. E. Burleson made this

affidavit: "J. E. Burleson, first being duly sworn, says that in the above entitled action the plaintiff filed with the defendants the shipping receipt and other papers at the time that he filed his claim herein for loss of mica. That he wrote defendants numbers of letters asking that his shipment be traced before he filed his said claim. That said papers filed with the defendants are necessary in the trial of this action, and this affiant asks that the defendant be required to file all papers and correspondence connected with said case with the clerk of the Superior Court of Mitchell County so that the plaintiff may have access to same, in the trial of this cause." Thereupon, McElroy, J., made the following order: "Upon affidavit filed, it is ordered by the court that the defendants file with the clerk of the Superior Court of Mitchell County within thirty days prior to the next term of this court all papers filed by the plaintiff with either defendant in connection with this case, including the shipping receipt and all other papers and other correspondence connected with said case."

While the case was in progress, and Erastus Greene was testifying for the plaintiff, he was asked concerning the claim filed by plaintiffs with defendants. Upon defendants' objection, plaintiffs' counsel called to the court's attention the order of McElroy, J., and failure of defendants to comply with the order. The court found the facts, among which are the following: The defendants had neither complied with Judge McElroy's order nor explained their failure to do so; plaintiffs had filed their claim with the agent in charge of the express office at Spruce Pine, and the papers in question were material to the controversy and should have been produced; that counsel for defendants had objected to the introduction of parol evidence, and that defendants had been guilty of a contemptuous disregard of the order. The court rendered the following judgment: "The above entitled action coming on for hearing and being heard, and it appearing to the court that the defendant Southern Express Company is a corporation, and prior to 1 July, 1918, it had property in the State of North Carolina, and was engaged in carrying on business in said State, and that while so engaged it incurred liabilities under its contracts entered into with the citizens of the State of North Carolina and with the plaintiffs herein; and it further appearing to the court that it now has no officer or other agent in this State upon whom process might be served, as provided by law, and that it has failed to comply with section 1137 of the Consolidated Statutes of North Carolina and maintain such process agent in said State; and it further appearing that summons has been duly issued against said defendant Southern Express Company in this action, and that the same was duly served upon J. Bryan Grimes, Secretary of State, as provided by said statute, and that said defendant is now before the court by reason of

such service; and it further appearing that a complaint has been filed by the plaintiffs against the said Southern Express Company, and that said defendant has filed no answer thereto.

"And it further appearing that at July Term, 1920, of this court, that upon application of the plaintiffs herein, an order was entered commanding the defendant American Railway Express Company to produce and file in this Court the shipping receipt and all other papers and correspondence filed with said defendant American Railway Express Company, including the claim filed by plaintiffs for damages by reason of the loss of the mica, the shipment of which is in controversy herein, together with all papers and correspondence in connection therewith; and it further appearing to the court that the said claim and shipping receipt and other papers and correspondence so filed with the defendant American Railway Express Company contains evidence pertinent on the trial of this cause; and it further appearing to the court that the said defendant, in disregard and contempt of said order so entered in this cause, has failed to satisfactorily account for its failure to produce the same, or make any answer whatsoever to the said order, it is, upon motion of Charles E. Greene and S. J. Black, counsel for plaintiffs, considered, ordered, and adjudged by the court that the plaintiffs herein recover of the defendant American Railway Express Company the sum of $1,290, with interest on said sum from 5 July, 1918, until paid, with the costs of this action, to be taxed by the clerk of this court. It is further considered, ordered, and adjudged that judgment by default be and the same is hereby entered against the defendant, the Southern Express Company."

Only the American Railway Express Company excepted and appealed.

*Charles E. Greene, S. J. Ervin, and S. J. Ervin, Jr., for plaintiffs.*
*Martin, Rollins & Wright for defendant.*

ADAMS, J. The appellant's fourteenth exception impeaches the validity of Judge McElroy's order, and incidentally of the affidavit on which it is based. The application for the order rests on the following sections of Consolidated Statutes:

"The court before which an action is pending, or a judge thereof, may, in their discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any books, papers, and documents in his possession or under his control, containing evidence relating to the merits of the action or the defense therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing, or both." C. S., 1823.

"The courts have full power, on motion and due notice thereof given, to require the parties to produce books or writings in their possession or control which contains evidence pertinent to the issue, and if a plaintiff shall fail to comply with such order, and shall not satisfactorily account for his failure, the court, on motion, may give the like judgment for the defendant, as in cases of nonsuit; and if a defendant shall fail to comply with such order, and shall not satisfactorily account for his failure, the court, on motion as aforesaid, may give judgment against him by default." C. S., 1824.

In our opinion the affidavit is insufficient. The plaintiff Burleson alleged that he had filed certain papers with, and had written certain letters to, the defendants, and that the papers filed with the defendants were necessary in the trial of the action. The latter allegation is only an inference of law. In *Evans v. R. R.,* 167 N. C., 416, *Justice Brown* said : "A mere statement that an examination is material and necessary is not sufficient. This is nothing more than the statement of the applicant's opinion. The facts showing the materiality and necessity must be stated positively and not argumentatively or inferentially." 14 Cyc., 346. The application should also show the necessity for the inspection or production, and it is a generally accepted principle that the affiant's bare conclusion of law is not sufficient for this purpose. 18 C. J., 1124. *Non constat* that the plaintiffs did not have carbon copies of the letters and the other papers filed with the defendant, or such knowledge of their contents as would dispense with the necessity of inspection.

We regard the order also as fatally defective. The plaintiffs alleged that the papers were necessary in the trial of the action; but the order required the defendants to file them with the clerk "within thirty days prior to the next term of this court." If the papers were to be used in the trial, and no inspection was necessary, the order should have required their production when the case was reached on the docket; if inspection before the trial was desired, such definite time and place as the law contemplates should have been designated for that purpose. In *McGibboney v. Mills,* 35 N. C., 162, this Court affirmed an order of the lower court requiring the plaintiff to file the bond sued on with the clerk for inspection "from 1 January, 1852, to 15 January, 1852"; but in *Mills v. Lumber Co.,* 139 N. C., 524, it was held, in an opinion by the *Chief Justice,* that an order to produce and deposit certain papers in the office of the clerk was unauthorized. The *Chief Justice* very aptly said : "There is nothing in the statute which authorizes an order that the respondent be required to *deposit the papers.* In practice, this might prove oppressive and detrimental. The papers and books might be necessary in the conduct of the plaintiff's business, and there is no guaranty of their safety when so deposited. All that the statute author-

izes is an order that the papers be produced with sufficient opportunity to the other side to inspect the same and take a copy. *Sheek v. Sain,* 127 N. C., 272." In Corpus Juris it is stated that in some jurisdictions a party cannot be required to deposit his papers in the clerk's office, and North Carolina is classed among this number. 18 C. J., 1128. In the case at bar the order required that the papers be taken from the defendants before the term of court and deposited or filed with the clerk for an indefinite length of time upon the allegation that they were necessary in the trial. There was no suggestion that it was necessary to impound the papers to secure them against loss or to prevent the perpetration of a fraud.

In these circumstances the presiding judge evidently misinterpreted the statutes upon which the order was made to rest, and inadvertently exceeded the authority conferred when, during the examination of a witness, he undertook of his own motion to withdraw the issues from the jury, find the facts from the record, and render judgment as by default against the defendant while the controverted matters were still pending and unsettled.

For these reasons it becomes unnecessary to consider the other questions discussed in the briefs. We hold, then, that the judgment against the American Railway Express Company must be reversed, and that the matters in controversy must be determined as provided by law.

Reversed.