GIRARD NATIONAL BANK v. ADAM McARTHUR ET AL.

(Filed 8 April, 1914.)

**Statutes—Evidence—Motions to Inspect and Copy—Court's Discretion.**

Where a note sued on is alleged to be a forgery, the judge of the Superior Court wherein the action is pending may, in his discretion, allow, upon due notice, the defendant to inspect the note and take a photographic copy thereof. Revisal, sec. 1656.

APPEAL by plaintiff from *Rountree, J.,* at February Term, 1914, of CUMBERLAND.

Civil action to recover on a note for $15,000, purporting to be signed by Adam and Mrs. M. C. McArthur and others and the execution of which was denied by the defendants named, heard on motion to permit the inspection and taking of photographic copy of the note in controversy.

Motion having been allowed, plaintiff excepted and appealed, assigning for error that the court had not power to make such an order.

*Rose & Rose, H. S. Averitt, and Robinson & Lyon* for plaintiff.

*Shaw & McLean, McLean, Varser & McLean, and Jones & Bailey* for defendant.

HOKE, J.  The order made by his Honor comes clearly within the provisions of our statute applicable to the case, which is as follows:

Revisal, sec. 1656: "The court before which an action is pending, or a judge thereof, may, in their discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any books, papers, and documents in his possession or under his control; containing evidence relating to the merits of the action or the defense therein.  If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing, or both."

This statute was primarily designed and intended to afford the facilities for the ascertainment of truth that were formerly supplied by bill of discovery, and, while it is broader in its scope and effect, the decisions on the old method of procedure are in certain instances now helpful to its correct interpretation. *Fields v. Coleman,* 160 N. C., 11; *Bailey v. Matthews,* 156 N. C., 78, and, under our former procedure by bill in equity, or under statutes expressly referring to the equitable rules prevailing in such cases (Rev. Code, ch. 31, sec. 82; Rev. Statutes, ch. 31, sec. 86), on issue joined as to the genuineness of a note, its production for an inspection and copy was considered and held to be a proper instance for the exercise of this power by the court. *Scarboro v. Tunnell,* 41 N. C., 103; *McGibboney v. Mills,* 35 N. C., 163.  In this last case *Nash, J.,* delivering the opinion, said: "Here the defense is that the instrument on which the action is brought is a forgery.  How is it possible for the defendant to support his plea that it is not the deed of the testator unless he can have full access to it, both for his own inspection and that of his witnesses?  Such testimony is pertinent to the issue the jury have to try.  This, too, is the course of the English courts of chancery," citing *Beckford v. Beckford,* 16 Vesey, 438.  Nor is the objection well taken that the copy is to be made by photography.  Where a copy of an instrument or a locality has been ordered as properly relevant to the inquiry, this method affords, perhaps, the most correct and helpful im-

pression of the object that could be obtained, and, in a case like the present, it is well-nigh indispensable if the purpose for which a copy is required may be subserved. In *Hampton v. R. R.,* 120 N. C., 534, a photographic copy of the locality was rejected, a majority of the Court being of opinion that owing to the length of time intervening and certain changes in conditions the impression might have a tendency to mislead rather than aid the jury to a correct conclusion. Even in that case there was a dissent by the present *Chief Justice,* who gave forcible expression of his views as to the admissibility of the copy in the particular instance and of the general value of the same as evidence when properly guarded and identified; views which have, in the main, since prevailed as the controlling opinion of the Court, *Pickett v. R. R.,* 153 N. C., 148, and *Davis v. R. R.,* 136 N. C., 115, and which are in accord with enlightened decisions in other courts of highest resort. *United States v. Otey,* 176 U. S., 422; *Marey v. Moses, Barnes et al.,* 16 Mass., 161; *Dufful v. The People of Ill.,* 107 Ill., 113; 1 Thompson on Trials, sec. 869.

On testimony of the same general character, we were referred by counsel for appellee to an impressive utterance of the New York Superior Court in *Frank v. Bank,* 37 N. Y. Sup. Ct., 34, and affirmed in 84 N. Y., 209, as follows: "The administration of justice profits by the progress of science, and its history shows it to have been almost the earliest in antagonism to popular delusions and superstitions. The revelations of the microscope are constantly resorted to, in protection of individual and public interests. It is difficult to conceive of any reason why, in a court of justice, a different rule of evidence should exist in respect to the magnified image, presented in the lens of the photographer's camera, and permanently delineated upon the sensitive paper. Either may be distorted or erroneous through imperfect instruments or manipulation, but that would be apparent or easily proved. If they are relied upon as agencies for accurate mathematical results in mensuration and astronomy, there is no reason why they should be deemed unreliable in mat-

ters of evidence. Wherever what they disclose can aid or eluci-
date the just determination of legal controversies, there can be
no well-formed objection to resorting to them."

We hold that, in this instance, the order in question has been
providently made by the learned judge, and that the same was
in pursuance of power conferred upon him by law.

There is no error.

Affirmed.