ELVY EVANS, ADMINISTRATRIX, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 2 December, 1914.)

**Evidence—Motions—Inspection and Copy of Papers—Interpretation of Stat-utes—Court's Discretion.**

> Upon motion to allow inspection or copy of books, papers, etc., before trial (Revisal, 1656), it must be made to appear that the instrument in question relates to the merits of the action or is pertinent to the issue; or the motion should be denied; and when it is of the character author-ized by the statute to be copied or inspected, etc., it is expressly left within the discretion of the trial judge whether or not he will make the order sought; and should he refuse to do so, it still rests within his dis-cretion to compel the production of the writing later, or upon trial, when its competency and pertinency as evidence bearing on the issue may be better determined.

APPEAL by plaintiff from *Lane, J.,* at October Term, 1914, of ANSON. Appeal from the refusal of the trial judge to order inspection, etc., of a paper-writing upon motion made under section 1656 of the Revisal.

Upon affidavit, the plaintiff moved under section 1656 of the Revisal for the production of a certain paper-writing, alleged to be in the pos-session of the defendant, described in the affidavit as a written report known as Form No. 408. His Honor denied the motion. The plaintiff appealed.

*Lockhart & Dunlap for plaintiffs.*
*Walter E. Brock, McIntyre, Lawrence & Proctor for defendant.*

BROWN, J. This motion is made under the following statute:

"SECTION 1656. *Inspection Before Trial.* The court before which an action is pending, or a judge thereof, may in their discretion and upon due notice order either party to give to the other within a specified time an inspection and a copy, or permission to take a copy, of any books, papers, and documents in his possession or under his control, containing evidence relating to the merits of the action or the defense therein. If compliance with the order be refused, the court on motion may exclude the paper from being given in evidence, or punish the party refusing, or both."

The power of the court to order the production of a paper under this statute is indisputable; but it must be a paper which contains evidence pertinent to the issue. *Whitten v. Tel. Co.,* 141 N. C., 363. If the paper-writing sought to be produced is not of a kind which is pertinent to the issue, the court has no power to order its production. If it is a paper-writing which is pertinent to the issue, then the matter of ordering its production is confided by the statute to the sound discretion of the judge of the Superior Court, and his ruling will not be reviewed here.

As to whether a paper-writing comes within the description of the statute is a question of law. It would seem that the affidavit in this case is not a sufficient description of the paper to justify the court in ordering its production. "A mere statement that an examination is material and necessary is not sufficient. This is nothing more than the statement of the applicant's opinion. The facts showing the materiality and necessity must be stated positively and not argumentatively or inferentially." 14 Cyc., 346.

Again, it is said that "A party cannot obtain a roving commission for the inspection or production of books or papers in order that he may ransack them for evidence to make out his case. He is entitled to production or inspection only when the same is material and necessary to establish his cause of action." 14 Cyc., 370.

Assuming, however, that the affidavit is sufficient to justify granting the order, it is then within the discretion of the judge as to whether he will grant it or not.

In *Bank v. Newton,* 165 N. C., 363, *Mr. Justice Hoke* in discussing this statute, says: "A perusal of the statute will disclose that the question rests in the sound legal discretion of the court, and as we find no abuse of such discretion on the part of his Honor as to raise a legal question for our decision, the judgment is affirmed."

Under the authority of that case, we deem it proper to say that when this case is tried it will still be competent for the judge in his sound discretion to compel the production of this Form 408 when its competency and pertinency as evidence bearing upon the issue may the better be determined.

Affirmed.