SYLVESTER DUNLAP v. LONDON GUARANTY AND ACCIDENT COMPANY, V. H. IDOL, AND MRS. ROSE CARTER.

(Filed 27 April, 1932.)

1. **Bill of Discovery C b—Affidavit for motion for inspection of writings must sufficiently describe papers and show their materiality.**

C. S., 1823, supersedes the equitable bill of discovery and should be liberally construed, but the former practice is a material aid in the construction of the statute, and the fundamental requirements of the statute must be complied with, and the affidavit supporting the order must sufficiently designate the writings sought to be inspected and show that they are material to the inquiry, and where the affidavit is insufficient the order based thereon is invalid.

2. **Bill of Discovery C a—Motion for inspection of writings is addressed to discretion of trial court.**

Whether the trial court shall grant an order for the inspection of writings upon a sufficient affidavit rests in his sound discretion.

3. **Bill of Discovery C b—Affidavit in this case held insufficient to support order for inspection of writings.**

Where an affidavit filed by a party as the basis for his motion for the inspection of writings states that the adverse party has in his possession certain papers pertinent and relative to the merits of the action, and asks for the inspection of certain reports between the adverse

party and his agent and certain correspondence between various persons, without any statement of facts showing that the papers were material or any allegation or proof that such papers existed or that their contents were known, and the writings are not sufficiently described to enable the court to determine their relevancy and materiality: *Held,* the affidavit fails to comply with the statutory requirements and the order of the court based thereon granting the motion is insufficient, and on appeal the order will be set aside.

APPEAL by defendants from *Warlick, J.,* at October Term, 1931, of STOKES. Error.

The plaintiff's suit is to recover damages for malicious abuse of process. He alleges that the London Guaranty and Accident Company was engaged in the business of insuring policyholders against liability for damages caused by accidents; that in 1928 the defendant Idol was its agent; that Mrs. Carter was the beneficiary of a policy issued by the defendant company; that a collision occurred between her car and a car operated by the plaintiff; that he demanded damages; that the defendants in order to forestall and defeat his recovery maliciously caused his arrest for a violation of the motor vehicle law; and that upon the trial he was acquitted of the charge.

On 16 October, 1931, the plaintiff notified the defendants that on the ensuing 25th inst. he would move for an order to allow the plaintiff before the trial to make an inspection and to take a copy of any books, papers, and documents in the possession or under the control of the defendants, containing evidence relating to the merits of the action.

The notice was based upon the following affidavit, which was made by the plaintiff's attorney:

1. That he is an attorney of record for the plaintiff and is a resident of Forsyth County.

2. That the plaintiff in the above entitled action is not now available to make this affidavit.

3. That this affiant is informed, advised and believes that the defendants in the above cause have in their possession certain paper-writings, books and documents containing evidence pertinent to and relative to the merits of the plaintiff's cause of action, of the contents of said books, papers, and documents this affiant does not have absolute knowledge.

4. That complaint and answer have been filed in this cause.

5. That due notice has been served on the parties defendant, as this affiant is informed and believes, which notices set out in full the papers necessary and pertinent to the plaintiff's cause of action. Copy of said notices being attached hereto and made a part of this affidavit.

When the motion was heard the judge made the following order:

The court finds as a fact that the following books, papers and records are necessary material and pertinent to the proper determination of the issues involved in said controversy, to wit, as provided in C. S., 1823-1824.

1. Report or copies of report of collision occurring on 26 October, 1928, between Mrs. Rose Carter and Sylvester Dunlap; original or copies of correspondence between Mr. V. H. Idol and Mrs. Rose Carter or between Mrs. Rose Carter and the London Guaranty and Accident Company, or between V. H. Idol and the London Guaranty and Accident Company, or the field representative of the London Guaranty and Accident Company, and said London Guaranty and Accident Company, and particularly a letter or letters from the field representative or agent of the London Guaranty and Accident Company, reporting and commenting on the outcome of the criminal trial of Sylvester Dunlap at the April Special Term of 1929, Superior Court of Rockingham County held at Wentworth, N. C., wherein Sylvester Dunlap was tried on the criminal charges of assault with a deadly weapon, to wit, an automobile, and reckless driving.

The court, in the exercise of its discretion, orders and directs the defendants to produce the above set out and enumerated books, papers, correspondence and documents on or before 9 o'clock a.m., 27 October, 1931, at Danbury, N. C., in the office of the clerk of the Superior Court, for the purpose of permitting the plaintiff or his counsel to inspect and take copies of all such books, papers, documents and correspondence as above described as may be necessary material and pertinent to the determination of the issues in the said cause.

This 26 October, 1931.

The defendants excepted and appealed.

*J. M. Wells, Jr., A. C. Bernard and W. Reade Johnson for plaintiff.*
*Dalton & Pickens and Folger & Folger for London Guaranty and Accident Company.*
*Brown & Trotter and N. O. Petrie for V. H. Idol.*
*J. L. Roberts and N. O. Petrie for Mrs. Carter.*

ADAMS, J. In the courts of common law the plaintiff was required to make out his case by the evidence of witnesses or the admissions of the defendant. The right to enforce discovery was a prerogative of the Court of Chancery. By the exercise of this right the court provided effectual means of ascertaining the truth with justice to the plaintiff and without wrong to the party examined. The plaintiff was entitled to the discovery of all facts material to his case, but the question of

materiality was largely determinable by the plaintiff's interrogatories and the statement in his bill. The defendant was required to discover the truth of the plaintiff's claim but not to answer questions he had a right to resist. He was required in like manner, when called upon by the plaintiff, to set forth a list of all documents in his possession from which discovery of the matters in controversy could be obtained; but the possession of the documents and their character as fit subjects of discovery were usually shown by the defendant's answer to the plaintiff's bill. It was customary to include in the bill an interrogatory asking whether the defendant had in his possession any documents relating to the matters alleged and, if he admitted the possession, to move that he produce them before the examiner at the hearing of the cause. If he did not admit the possession, production could not be enforced; for the admissions necessary to compel production were that the documents were in his possession or control and that they were of such a character as to constitute matters of discovery. In proper cases the plaintiff was entitled to production and inspection.

Section 1823 of the Consolidated Statutes was designed and intended to supersede the equitable bill of discovery, but the former practice affords material aid in the interpretation of the statute. *Bank v. Mc-Arthur,* 165 N. C., 374. The statute, being somewhat broader in its effect than the equitable bill of discovery, should be liberally construed; but it contains provisions which are fundamental. *Bank v. McArthur, supra; Ross v. Robinson,* 185 N. C., 548. If the requirements are not complied with, or if the order of the court goes beyond the powers contemplated and conferred by law, the order will be set aside. *Sheek v. Sain,* 127 N. C., 266; *Ross v. Robinson, supra.* The order of the court is usually based upon an affidavit and if the affidavit is insufficient the order is invalid. *Mica Co. v. Express Co.,* 182 N. C., 669. In *Evans v. R. R.,* 167 N. C., 415, the Court said: "As to whether a paper-writing comes within the description of the statute is a question of law. It would seem that the affidavit in this case is not a sufficient description of the paper to justify the court in ordering its production. 'A mere statement that an examination is material and necessary is not sufficient. This is nothing more than the statement of the applicant's opinion. The facts showing the materiality and necessity must be stated positively and not argumentatively or inferentially.' 14 Cyc., 346. Again, it is said that 'a party cannot obtain a roving commission for the inspection or production of books or papers in order that he may ransack them for evidence to make out his case. He is entitled to production or inspection only when the same is material and necessary to establish his cause of action.' 14 Cyc., 370:"

If the affidavit is sufficient to justify the order, whether the judge shall grant the order or decline it, is a matter within his discretion. *Bank v. Newton,* 165 N. C., 363; *Evans v. R. R., supra.*

The affidavit made by the plaintiff's attorney does not comply with the requirements of the law. The third paragraph refers to papers, books, and documents said to contain evidence pertinent and relevant to the merits of the plaintiff's cause of action, but the affiant is absolutely ignorant of their contents. How, then, can their relevancy be determined? Furthermore, no paper is described with sufficient accuracy to enable the court to say whether it has any relation to the plaintiff's action. The fifth paragraph refers to notices which "set out in full the papers necessary and pertinent to the plaintiff's cause of action"; but as suggested in *Evans v. R. R., supra,* this is nothing more than a statement of the affiant's opinion. In these notices the plaintiff calls for the production of reports, copies, and correspondence between various persons without proof or allegation that such papers exist or that their contents are known, and without the statement of any facts showing that they are material to the cause. It may be observed in addition that both the notices and the order of the court are alternative; certain papers *or* others are to be produced. Is the plaintiff, the defendant, or the court to be the judge of the alternative production?

The order of the court is insufficient or must therefore be set aside.

Error.