## Tomlinson Co., Inc., v. Tatlow

*Kirchner, Mitchell & White*, for plaintiff; *James Hay Simms*, for defendant.

LEWIS, J., October 14, 1933.—There is before us defendant's application for an order directing the plaintiff to produce certain books of account showing sales of merchandise allegedly made by it to one N. M. Seabrease and to permit defendant to inspect the same.

Plaintiff, in its statement of claim, avers that there is due from the defendant the sum of $250 for merchandise sold and delivered. Defendant's petition sets forth that his defense to plaintiff's claim consists of a counterclaim for commissions due defendant on sales of merchandise by the plaintiff to the aforesaid Seabrease, averring that "the sale of said plumbing supplies was made by plaintiff through the efforts of petitioner"; and that he is unable to set forth his claim for commissions with particularity unless he is permitted an inspection of the plaintiff's books showing the amount of merchandise sold to Seabrease and the price received therefor.

An answer to plaintiff's petition was filed, in which defendant avers that no commissions are due by plaintiff to defendant on sales of plumbing supplies as

averred in the petition; that the plumbing supplies referred to were not sold to Seabrease but to Alberene Stone Company; that the sale of the supplies did not result through any effort of the defendant, but they were delivered to Alberene Stone Company in 1926 and 1927; and that since said date defendant made no claim for any commissions due him until the plaintiff brought the present action against defendant.

No depositions having been taken to support the averments of the petition, we have no evidence before us of any agreement, written or oral, existing between the plaintiff and defendant which would indicate that defendant is entitled to any commissions on sales resulting through his agency. Moreover, defendant's petition is ambiguously framed; there is a lack of detail which, in the absence of supporting evidence, would justify our granting defendant's request.

It is sufficient to point out that defendant's petition does not allege any contractual relation which would support the claim for commissions; the date or place of the making of the contract, if any existed, is not given; the dates or places of the sale and delivery of merchandise referred to in the petition are not stated; the rate of commissions claimed on such sale does not appear, nor is it averred that the records in question are within the exclusive possession and control of the plaintiff. All of the rather meager averments in the petition are verified by the defendant "to the best of his knowledge, information and belief."

In such a situation, should an order be made as prayed for in the petition?

In an opinion filed by this court in Sork et al. v. C. Trevor Dunham, Inc., 14 D. & C. 526, we had occasion to consider the right of a party, on petition, to obtain the production by the other party of such documents as are required by him for the preparation of his pleading.

While an examination may be had before trial for the purpose of obtaining facts necessary to enable a party to frame his pleading, it has been held that an examination cannot be had merely to enable a party to allege the exact amount to which he is entitled, or to make an estimate of the damage sustained by him: 18 C. J. 1088, 1089.

The requirements which would move a court of equity to grant the relief sought by a bill of discovery are likewise prerequisites to any order which might be here granted. There must be good cause shown by affidavit or petition, and the instruments or evidence called for must be pertinent to the issue. The questions to be considered are:

1. Are the averments in the petition for the rule made with reasonable certainty?

2. Are the books and papers described with sufficient precision?

3. Are they material and pertinent?

4. Are they in the possession or control of the party on whom the rule is made?

The petition and answer filed in the present case create an issue. The burden is on the party asking for the order to affirmatively show his right, "that is, he must show that the papers asked for are pertinent and material to the issue and are in the possession of the other side. . . . In other words he must make out his case": Patton, Pennsylvania Common Pleas Practice (2d ed.), 489.

Here the answer clearly and affirmatively avers that plaintiff does not have any books or records showing sales to Seabrease.

The power of the court to order production or inspection of books or papers should be exercised with caution; it may not be awarded to gratify mere curiosity or to enable one party to make undue inquisition into the affairs of another, where the discovery would not aid the cause of the party applying, or where the object sought by the discovery can be obtained as well without it.

It will be noted that defendant's petition does not aver that the information sought is within the exclusive control of the plaintiff or that it could not as readily be obtained from Seabrease or from other sources. A mere statement that an examination of writings is material and necessary is not sufficient, because it is nothing more than a statement of the applicant's opinion. The facts showing the materiality and necessity must be stated positively and so verified by the applicant: Evans, Administratrix, v. Seaboard Air Line Railway Company, 167 N. C. 415.

In a suit similar to the one we are considering, it was held that the plaintiff should not be compelled to produce his books for inspection to support a counterclaim of defendants, where the latter did not show excuse for their failure to obtain the necessary information from persons who, they asserted, gave them such information as to the books: Russel & Co. v. McSwegen et al., 39 Misc. (N. Y.) 306.

The verification to the petition is likewise deficient. An application for discovery of books and papers based on information and belief is insufficient: Hotchkiss v. Levi, 140 App. Div. (N. Y.) 525.

In Mowery v. Weaver, 37 Lanc. L. Rev. 445, plaintiff applied for inspection of a certain alleged written contract between him and the defendant and the books of the defendant relating to their mutual transactions, for the purpose of drawing a statement. The relief was refused since, as here, the alleged contract was not in any way described, nor any particular books designated, or what they contained specified; and there, as here, the defendant denied the existence of the contract.

A review of the pertinent authorities, in connection with a careful consideration of the petition and the answer, leads us to the conclusion that the relief asked for should not be granted.

The rule is discharged.