D. C. PATTERSON v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 8 January, 1941.)

**Bill of Discovery § 8—Affidavit for inspection of writings must set forth facts showing materiality and necessity of papers sought.**

Plaintiff, carrier by truck, instituted this action against several railroad companies alleging that defendants conspired to reduce rates on certain commodities between designated termini in order to destroy plaintiff's business, with intent and purpose of raising such rates as soon as competition was removed, C. S., ch. 53. Plaintiff moved for the inspection of all correspondence, memoranda, and other writings among the several defendants and others relative to the establishment of such lower rates. Plaintiff's affidavit for such order did not designate any specific letters or documents or state the contents thereof, and did not aver that the information sought is not obtainable elsewhere. *Held:* The affidavit is insufficient to support the order, since it is required that the affidavit set forth facts showing the materiality and necessity of the papers sought to have produced, and the mere averment that they are material and necessary is insufficient. C. S., 1823, 1824.

APPEAL by defendants from *Carr, Resident Judge of the Tenth Judicial District,* in Chambers in ALAMANCE, 10 June, 1940.

*Cooper & Sanders, W. Clary Holt, and Roy L. Deal for plaintiff, appellee.*

*Robert H. Dye for Aberdeen & Rockfish Railroad Company.*

*W. T. Joyner for H. P., R. A. & Southern R. R. Company, and Yadkin R. R. Company, and Southern Railway Company.*

*Hobgood & Ward for Atlantic & Yadkin R. R. Company.*

*Craige & Craige and Murray Allen for Winston-Salem Southbound Railroad Company.*

SCHENCK, J. This appeal is from an order entered upon motion of the plaintiff directing the defendants to produce, for the purpose of inspection and copying, the correspondence, memoranda and other writings among the several defendants and others, relative to the establishment of rates upon petroleum products from Wilmington and River Terminal to points in North Carolina, bearing dates between November, 1934, and December, 1937, said motion having been lodged by virtue of C. S., 1823 and 1824.

The plaintiff alleges in his complaint that the rates on petroleum products from Wilmington and River Terminal were established by agreement among the defendants as a result of a conspiracy existing among them to lower the rates and thereby destroy the plaintiff's business of transporting such products by motor trucks, with the intent and purpose of raising such rates as soon as the competition of the plaintiff was removed, in violation of Consolidated Statutes, ch. 53, Monopolies and Trusts. The defendants in their answers admit that such rates were established by agreement among themselves but deny that they conspired to destroy the plaintiff's business, or in any way violated the law.

The order appealed from directs the production, for inspection and copy, of all correspondence, memoranda and other writings among the eight defendant railroad companies, and between said companies and the Southern Freight Association, relative to the establishment of rates on petroleum products from Wilmington and River Terminal to other points in the State of North Carolina, from November, 1934, to December, 1937.

The plaintiff's affidavit upon which he bases his application for the order fails to designate any specific letters or documents desired, and fails to state the contents thereof, and does not aver that the information or proof sought is not obtainable elsewhere. Such an affidavit is an insufficient basis for an order to produce practically all the correspondence and writings among the defendants relative to the establishment of the rates involved upon the theory that they will have a direct bearing on an issue addressed to an unlawful conspiracy among the defendants to injure the plaintiff by destroying his business and thereby remove competition. It is required by the statute that the facts showing the materiality and necessity of the documents sought be set forth, the mere naked averment that they are material and necessary, is insufficient, being nothing more than an expression of the applicant's opinion.

*Adams, J.,* in speaking of the requirements of the statute, C. S., 1823, in *Dunlap v. Guaranty Co.,* 202 N. C., 651, says: "If the requirements are not complied with, or if the order of the court goes beyond the powers contemplated and conferred by law, the order will be set aside. *Sheek v. Sain,* 127 N. C., 266; *Ross v. Robinson, supra* (185 N. C., 548).

The order of the court is usually based upon an affidavit and if the affidavit is insufficient the order is invalid. *Mica Co. v. Express Co.*, 182 N. C., 669. In *Evans v. R. R.*, 167 N. C., 415, the Court said: 'As to whether a paper writing comes within the description of the statute is a question of law. It would seem that the affidavit in this case is not a sufficient description of the paper to justify the court in ordering its production. "A mere statement that an examination is material and necessary is not sufficient. This is nothing more than the statement of the applicant's opinion. The facts showing the materiality and necessity must be stated positively and not argumentatively or inferentially." 14 Cyc., 346. Again, it is said that "A party cannot obtain a roving commission for the inspection or production of books or papers in order that he may ransack them for evidence to make out his case. He is entitled to production or inspection only when the same is material and necessary to establish his cause of action." ' 14 Cyc., 370."

The affidavit made by the plaintiff is insufficient to support it and therefore the order made must be set aside.