LINDSEY M. GUDGER v. ROBINSON BROTHERS CONTRACTORS, INC., AND PRITCHARD PAINT & GLASS COMPANY, OF ASHEVILLE, INC.

(Filed 5 March, 1941.)

1. Bill of Discovery § 1—

Where one of defendants sued as joint tort-feasors alleges, among other defenses, that plaintiff's injuries resulted solely from the negligence of its codefendant, such codefendant is not entitled to an examination of respondent defendant, since, even though the defenses of defendants are antagonistic in regard to this defense, they are jointly interested in the defense of the action and a joint verdict and judgment against both is possible. C. S., 900, 901, 907.

**2. Bill of Discovery § 3—Petition must allege facts upon which petitioner bases conclusion that examination of adverse party is necessary.**

A petition for the examination of a codefendant which is not in the form of an affidavit, and further fails to allege the facts upon which petitioner bases its allegation that the examination of respondent is necessary to enable it to prepare its defense, is insufficient to support an order for examination. In the present case the codefendant alleged upon information and belief that the negligent acts of petitioner's employees were the sole proximate cause of the injury in suit, thus making it apparent that the information sought is available to petitioner through its own employees, and that the examination was not necessary but that the petition was merely an effort to ascertain the names of witnesses through whom respondent intends to prove the facts alleged.

**3. Appeal and Error § 39a—**

When it appears that the denial of a petition for the examination of an adverse party has not prejudiced petitioner, the order denying the petition will not be disturbed on appeal, since an order will not be reversed except for error which is prejudicial.

APPEAL by defendant Pritchard Paint & Glass Company of Asheville, Inc., from *Armstrong, J.,* at October Term, 1940, of BUNCOMBE. Affirmed.

Petition and motion in the cause made by the defendant Glass Company for an order permitting the examination before trial of certain officers and agents of its codefendant, Robinson Brothers Contractors, Inc.

Plaintiff instituted this action against the defendants as joint tortfeasors to recover damages for personal injuries alleged to have resulted from the joint and concurrent negligence of the defendants.

Respondent, Contractors, Inc., contracted to make repairs to a building in Asheville occupied by Belks, Inc. In connection with the work and for the protection of pedestrians it erected a board fence or wall along the sidewalk in front of the building, leaving a small space of sidewalk for the use of pedestrians. The petitioner, Glass Company, contracted with respondent to furnish and install plate glass and to do certain other work in connection with the original contract. While plaintiff was passing along the sidewalk the fence fell, inflicting certain personal injuries upon plaintiff. The respondent, in its answer, denied negligence and alleged that: (1) such injuries as were sustained by plaintiff were caused by the active negligence of the defendant, Glass Company, in that it removed certain braces and supports to said fence in connection with the work done by it, and that if it were negligent its negligence was negative and the negligence of the Glass Company was active so that, in any event, its liability is secondary; (2) the injuries sustained by plaintiff resulted from the sole negligence of the defendant Glass Company;

and (3) if it was negligent the defendant Glass Company was concurrently negligent as a result of which it is entitled to contribution.

The defendant, Glass Company, filed a motion in which it asserts that the allegation of Contractors, Inc., in respect to its second defense as to the sole liability of its codefendant, was made on information and belief and that it is necessary for it to determine the information upon which the said Contractors, Inc., bases such allegations, and prays an order permitting it to examine certain officers and agents of Contractors, Inc., to the end that it may ascertain such information.

When the cause came on to be heard in the county court of Buncombe County the judge thereof denied the motion. Defendant, Glass Company, appealed. Upon hearing of the appeal in the Superior Court the judge thereof affirmed the judgment of the county court and said defendant appealed.

*Harkins, Van Winkle & Walton for defendant Pritchard Paint & Glass Company, appellant.*

*Heazel, Shuford & Hartshorn and Weaver & Miller for defendant, Robinson Brothers Contractors, Inc., appellee.*

BARNHILL, J. C. S., 907, makes provision for the examination of a party to an action on behalf of his coplaintiff or codefendant "as to any matter in which he is not jointly interested or liable with such coplaintiff or codefendant and as to which a separate and not joint verdict or judgment can be rendered." The language of the statute does not include a party jointly interested or liable and against whom a joint verdict or judgment can be rendered. It excludes those who have any community of interest and for or against whom there may be a joint verdict and judgment. That the trial might also result in a several or individual verdict is not sufficient to bring a coplaintiff or codefendant within the terms of the statute. Thus, petitioner, appellant, is not permitted to proceed under this section. It and its codefendant are sued as joint tortfeasors. They are jointly interested in the defense of the action (though, in some respects, their defenses may be antagonistic) ; a joint verdict and judgment can and, if plaintiff prevails, must be rendered unless one of the defendants is completely exculpated.

Petitioner and its codefendant are not adverse parties within the meaning of C. S., 900, and C. S., 901. Even so, the petition is not sufficient to support an order for examination. It is not in the form of an affidavit and does not aver that the desired information is not available to the applicant and that the examination is material. *Bell v. Bank,* 196 N. C., 233, 145 S. E., 241. While it asserts "that it is necessary, in order for this defendant to properly prepare his case for trial," it

does not aver the facts upon which the allegation of necessity is based. *Evans v. R. R.,* 167 N. C., 415, 83 S. E., 617; *Mica v. Express Co.,* 182 N. C., 669, 109 S. E., 853; *Bell v. Bank, supra.*

On the contrary, the respondent alleges the specific facts upon which it asserts that petitioner is solely liable. The allegations, while made upon information and belief, are to the effect that agents and employees of the petitioner, in the work of installation of the plate glass, removed, loosened or interfered with the braces attached to said building and to the fence and that the removal, loosening or interference with the braces, and the failure to properly and securely replace the same, was the sole proximate cause of the injury. Thus, it appears that the desired information is available to the petitioner through the medium of its own employees, to whom it may resort.

In its final analysis petitioner's motion appears to be nothing more than an effort to ascertain the names of the witnesses through whose testimony respondent intends to prove the facts alleged. This is not the purpose or objective of the statute.

The petitioner may examine such witnesses as it desires at the trial. It fails to point out wherein it has been prejudiced by the denial of this right before trial. This Court will not reverse an order entered by the court below for error and no more. It must appear that the error is prejudicial. *Hicks v. Nivens,* 210 N. C., 44, 185 S. E., 469; *Butner v. Whitlow,* 201 N. C., 749, 161 S. E., 389; *Thigpen v. Trust Co.,* 203 N. C., 291, 165 S. E., 720.

The judgment below is
Affirmed.