FLORENCE R. FLANNER v. SAINT JOSEPH HOME FOR THE BLIND SISTERS OF SAINT JOSEPH OF NEWARK, A CORPORATION OF THE STATE OF NEW JERSEY, TRADING IN THE STATE OF NORTH CAROLINA, COUNTY OF CRAVEN, AS ST. LUKE'S HOSPITAL.

(Filed 16 April, 1947.)

**1. Bill of Discovery § 7b—**

In an action to recover damages for personal injuries, an order for inspection of writings to obtain information to draft the complaint will not

lie to discover whether defendant is protected by liability insurance, since the existence of such policy would not enlarge defendant's liability and could not be pleaded.

**2. Same—**

An order for inspection of writings relating to financial operations of defendant to obtain facts to enable plaintiff to draw her complaint will not lie for the purpose of enabling plaintiff to determine whether defendant is a commercial rather than an eleemosynary corporation, since this remedy does not lie to forestall an anticipated defense.

**3. Bill of Discovery § 7c—**

An order for the production of writings to obtain evidence relating to the merits of the controversy is permissible only after issue joined.

**4. Bill of Discovery § 8—**

The affidavit supporting an order for the inspection of records and documents for the purpose of obtaining evidence must designate the records and documents sought to be inspected and show that they relate to the merits of the controversy.

**5. Bill of Discovery § 7a—**

Plaintiff may not proceed under G. S., 8-89, for an inspection of writings in defendants' possession for the purpose of obtaining information to form the basis of an action against a third party.

APPEAL by defendant from *Burney, J.,* at February Term, 1947, of CRAVEN.

Civil action heard on motion for order for examination and inspection of insurance policies, books, and records of defendant.

The plaintiff instituted this action by the issuance of summons. She thereupon filed application for an extension of time in which to file complaint, setting forth in the application that the action is to recover damages for personal injuries sustained through the negligence "of defendant, its servants, agents, employees and associates or insurer." The kind or type of transaction out of which the injuries arose is not made to appear.

Thereafter, upon notice duly given, she moved for an order for the examination and inspection of the books and records of the defendant corporation and of insurance policies or contracts in possession of defendant "to the end that she may properly lay her action and prepare her complaint." The court, being of the opinion "that such examination is necessary and proper and reasonable to enable the plaintiff to prepare and file her complaint in the above-entitled cause," ordered and directed the defendant to appear at a designated time and place and there produce for examination and inspection of plaintiff or her counsel "the books and records wherein are recorded the financial operations of the defendant in the operation of said St. Luke's Hospital, the receipt and disposition

of moneys and funds involved in the said operation, together with any and all insurance or assurance contracts relating in any way to the responsibility and liability of the said defendant or said insurance company, to the plaintiff." The defendant excepted and appealed.

*R. E. Whitehurst, W. B. R. Guion, and G. B. Riddle, Jr., for plaintiff, appellee.*

*Barden, Stith & McCotter and W. J. Lansche for defendant, appellant.*

BARNHILL, J. Plaintiff, by her motion, seeks information as to whether defendant (1) is protected by liability insurance, and (2) is a commercial rather than an eleemosynary corporation. She asserts that this information is necessary to enable her to prepare her complaint. By its appeal the defendant challenges the right of plaintiff to examine its books and policies for the purpose indicated. Hence, the validity of the order of examination is the one question presented for decision.

Plaintiff concedes she has knowledge of the occurrence, and the attendant facts and circumstances, out of which her injuries arose. That the defendant had the forethought to protect itself against such liability as the law imposes for such injuries does not serve to enlarge or extend that liability. *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826; *Herndon v. Massey,* 217 N. C., 610, 8 S. E. (2d), 914, and cases cited. Hence the existence of liability insurance is not a fact to be pleaded. *Revis v. Asheville,* 207 N. C., 237, 176 S. E., 738; *Duke v. Children's Com.,* 214 N. C., 570, 199 S. E., 918; *Herndon v. Massey, supra.*

Likewise, the financial operations of defendant corporation are not relevant or material to plaintiff's cause of action. She insists, however, that defendant intends to plead in defense that it is an eleemosynary corporation and the information desired is to forestall this defense. But that issue as yet has not been raised, and is a barrier she need not attempt to hurdle until it is first erected by a plea duly made. In any event, she may not do so at this stage of the proceeding in the manner here attempted.

G. S., 8-89, provides a method for obtaining inspection of books, papers, and documents "containing evidence relating to the merits of the action . . ." But procedure thereunder, for the purpose of obtaining evidence, is permissible only after issue joined, and it must be made to appear that the information desired relates to the merits of the controversy in an action pending and at issue. *McGibboney v. Mills,* 35 N. C., 163; *Branson v. Fentress,* 35 N. C., 165; *Sheek v. Sain,* 127 N. C., 266; *Chesson v. Bank,* 190 N. C., 187, 129 S. E., 413; *Ogburn v. Sterchi Brothers Stores, Inc.,* 218 N. C., 507, 11 S. E. (2d), 460.

The affidavit supporting an order for inspection of records or documents in the possession of an adversary party for the purpose of obtain-

ing evidence must designate the records and documents sought to be inspected and show that they are material to the inquiry. *Chesson v. Bank, supra; Dunlap v. Guaranty Co.,* 202 N. C., 651, 163 S. E., 750; *Gudger v. Robinson Brothers Contractors, Inc.,* 219 N. C., 251, 13 S. E. (2d), 414.

So then, it is apparent that plaintiff's motion and supporting affidavit fail to disclose facts sufficient to sustain the order entered, without regard to whether it is to obtain information to enable plaintiff to draft her complaint, as upon its face it purports to be, or is to obtain evidence relating to the merits of the controversy. *Bailey v. Matthews,* 156 N. C., 78, 72 S. E., 92; *Fields v. Coleman,* 160 N. C., 11, 75 S. E., 1005; *Evans v. R. R.,* 167 N. C., 415, 83 S. E., 617; *Chesson v. Bank, supra; Gudger v. Robinson Brothers Contractors, Inc., supra; Mica Co. v. Express Co.,* 182 N. C., 669, 109 S. E., 853; *Patterson v. R. R.,* 219 N. C., 23, 12 S. E. (2d), 652; *Dunlap v. Guaranty Co., supra; Washington v. Bus, Inc.,* 219 N. C., 856, 15 S. E. (2d), 372; *Fox v. Yarborough,* 225 N. C., 606.

Perhaps it is not amiss to add that plaintiff may not proceed under this section of our statutes to examine the defendant's records and documents for the purpose of obtaining information to form the basis of an action against a third party insurance company.

For the reasons stated the judgment below is

Reversed.