H. L. COBLE CONSTRUCTION COMPANY v. HOUSING AUTHORITY OF THE CITY OF DURHAM.

(Filed 6 June, 1956.)

**1. Bill of Discovery § 7—**

G.S. 8-89 is a remedial statute which should be liberally construed.

**2. Bill of Discovery § 8—Affidavit for inspection of writings held sufficient.**

The issue raised by the pleadings in this action by a contractor against a housing authority was whether the settling of floor slabs, which plaintiff was required to rectify, was due to the fault of plaintiff. Plaintiff made verified motion for inspection of reports made between specified dates by the architect's officers or employees to defendant builder, like reports mailed to or delivered to the Housing Administration, report of a named employee of the Housing Administration, and reports of tests made by defendant, all relative to the cause of the settling of the slabs. Plaintiff further averred that the information was not available to plaintiff from any other source. *Held:* The affidavits disclosed that the documents and papers sought to be inspected are material to the controversy and sufficiently identified them within the requirements of G.S. 8-89.

**3. Contracts § 16—**

Allegations of plaintiff contractor that flooring slabs constructed by it in accordance with the plans and specifications, settled through no fault of plaintiff, and that plaintiff was required to rectify the settling at large expense, *held* sufficient to state a cause of action in plaintiff's favor against defendant housing authority.

**4. Bill of Discovery § 8—**

Where plaintiff's verified motion for inspection of writings is sufficient to justify order therefor, the issuance of the order is within the discretion of the court, and its order granting the motion in part and denying it in part will not be disturbed in the absence of a showing of abuse.

APPEAL by defendant from *Hall, J.,* November Civil Term 1955 of DURHAM.

Civil action to recover damages for breach of contract for the construction of 240 housing units and the cost of rebuilding certain structural floor slabs heard on motion of plaintiff for inspection of writings in defendant's possession made, pursuant to G.S. 8-89, after both complaint and answer had been duly filed in the action, which is now pending for trial in the Superior Court of Durham County.

The court below entered an order, in its discretion, granting plaintiff's motion in part, and denying it in part.

Defendant appeals, assigning error.

*Brooks, McLendon, Brim & Holderness for Plaintiff, Appellee.*
*Edwards, Sanders & Everett for Defendant, Appellant.*

PARKER, J. The complaint, which has attached to it the contract between the parties and other exhibits, and the answer are made a part of plaintiff's verified motion under G.S. 8-89 for an inspection of books, papers and documents in defendant's possession, or under its control. The defendant filed no answer to the motion.

The verified motion alleges in substance these facts: The plaintiff, in the performance of its contract with the defendant to build for it 240 housing units, constructed in strict compliance with the contract's plans and specifications certain concrete floor slabs, which settled through no fault of its own in the construction. Because of this settling, the defendant stopped the plaintiff from work on the buildings. On 13 October 1952 plaintiff was ordered by the architect in charge of the construction to correct the settling of the floor slabs by methods to be approved by him. A controversy arose between the parties as to the cause of the settling of the floor slabs, and plaintiff refused to proceed with the work of correcting the settling, until it was furnished with plans and specifications by the architect as to how the work should be done. Plaintiff said he would do this work, but without prejudice to insist on payment for such additional work. Afterwards plaintiff was furnished with specifications and plans by the architect to correct the settling, and did the work at a cost of $24,604.40, which defendant has refused to pay. The defendant in its answer alleges that the floor slabs settled because the plaintiff did not comply with the specifications and plans of the contract, and particularly failed to compact the soil under the floor as required by the contract. That the complaint and answer raise an issue as to the cause of the settling of the floor slabs, and as to the necessity to correct such settling, and that evidence in respect thereto is material to the issue raised by the pleadings.

That H. Raymond Weeks, Inc. was the architect and agent of defendant. That defendant constructed the housing project under a contract between it and the U. S. Public Housing Administration. That the contract between plaintiff and defendant provides for certain supervision and control by the Housing Administration, and that final payment to the contractor can only be made upon certificate by the architect and approval of the Local Authority and the Housing Administration: that the Housing Administration shall be informed of all dis-

putes between the contractor and the Local Authority, and that the decision of the contracting officer as to any claim of the contractor shall be approved in writing by the Housing Administration. That during the progress of the work by plaintiff the Housing Administration made frequent inspections of the work done, and inspected and approved the original installation of the floor slabs, and also approved the preparation of new plans in respect to the settling of the floor slabs, and that there was an exchange of information between defendant and its architect and the Housing Administration with respect to the settling of the floor slabs. That the defendant is in possession of books, papers and documents, or copies of them, which contain evidence relating to the merits of the issue raised by the pleadings as to the settling of the floor slabs, which books, papers and documents are specified as follows: Paragraph One, the original reports, or copies of all reports, of inspections made by M. J. Hakan, an employee of H. Raymond Weeks, Inc., or by any other employee of the architect, of the floor slabs installed, or in process of installing, by plaintiff on the housing project described in the pleadings; said inspections are believed to have occurred between 1 October 1952 and 10 December 1952; and said reports are believed to have been furnished to defendant and to the Housing Administration and to disclose the cause of the settling of the floor slabs. Paragraph Two, all written reports, or copies thereof, made by the architect, or any of its officers or employees, to the defendant with respect to the settling of the floor slabs, together with copies of inspection reports and reports of tests made by the defendant, the architect and representatives of the Housing Administration. Paragraph Three, copies of all letters of the architect, or any of its employees, and particularly of W. E. Harris, mailed or delivered to the Housing Administration, transmitting reports of M. J. Hakan, or any other person, in respect to the settling of the floor slabs on this project. Paragraph Four, the originals or copies thereof, of any reports by A. M. Korsmo, an employee of the Housing Administration, in respect to his inspection of the settling of the floor slabs, the plaintiff being informed that Korsmo made an inspection about 4 or 5 September 1952; and also any letters, or copies thereof, making reference to Korsmo's reports. Paragraph Five, copies, or originals, of all memoranda from the Housing Administration to the defendant or to the architect relating to inspections and reports in respect to the settling of the floor slabs, and the work to be done to correct it. Paragraph Six, all correspondence between the Housing Administration, the defendant and the architect, or between any two of them, in respect to the settling of the floor slabs, the cause thereof, and the work to be done to remedy the settling. The motion further states that this application is made in good faith, and that the said

books, documents and papers are not available to plaintiff from any other source.

The court below, in its discretion, entered an order directing the defendant to appear at a certain time and place, and make available to plaintiff for inspection the documents and papers referred to in paragraphs one and two of the motion, as we have numbered them; and also original or copies of a report of inspection made on or about 4 or 5 September 1952 by A. M. Korsmo, employee of the Housing Administration, and furnished to the defendant or its architect, and relating to the cause of the sinking of the floor slabs and of action to be taken to remedy the trouble; and further, copies, or originals, of instructions from the Housing Administration, or its Richmond Field Office, to the defendant, or its architect, relating to inspections and reports in respect to the settling of the floor slabs and the steps to be taken to correct the situation. The application of the plaintiff to inspect other documents and papers not enumerated in the court's order was denied.

G.S. 8-89 is a remedial statute, which should be liberally construed to advance the remedy intended thereby to be afforded to the party to an action pending in the courts of the State. *Dunlap v. Guaranty Co.*, 202 N.C. 651, 163 S.E. 750; *Abbitt v. Gregory*, 196 N.C. 9, 144 S.E. 297.

The verified motion supporting the order for an inspection of documents and papers in the possession of defendant, or under its control has factual allegations setting forth plainly that the documents and papers desired to be inspected are material to plaintiff's cause of action and to the issue raised by the complaint and answer as to the cause of the settling of the floor slabs and as to the necessity to correct such settling, and that they are not available to plaintiff from any other source. The requirement of the statute that the papers and documents sought to be inspected contain "evidence relating to the merits of the action" is satisfied by the verified motion. G.S. 8-89; *Flanner v. Saint Joseph Home*, 227 N.C. 342, 42 S.E. 2d 225; *Dunlap v. Guaranty Co.*, supra; *Evans v. R. R.*, 167 N.C. 415, 83 S.E. 617.

The affidavit supporting an order for inspection of writings under G.S. 8-89 must designate the books, papers and documents sought to be inspected. *Flanner v. Saint Joseph Home, supra*. This Court has said in *Rivenbark v. Oil Corp.*, 217 N.C. 592, 598, 8 S.E. 2d 919: "While a 'roving commission for the inspection of papers' will not be ordinarily allowed, an application for an order for inspection of writings is sufficiently definite when it refers to papers under the exclusive control of the adverse party, which relate to the immediate issue in controversy, which could not be definitely described, and an order based thereon will be upheld. *Bell v. Bank*, 196 N.C. 233; *Dunlap v. Guaranty Co.*, 202 N.C. 651."

The defendant contends that the application for inspection should have been refused for this reason: "There are insufficient averments in the pleadings and in the record to make out a cause of action by the plaintiff against the defendant since no breach of contract is alleged: since there is no cause of action stated or alleged, none of the documents demanded are material." Defendant cites no authority to support his argument. Suffice it to say that defendant's contention is not supported by a study of the complaint.

It is apparent that plaintiff's verified motion discloses facts sufficient to sustain the order entered. Since the affidavit is sufficient to justify the order, whether the judge should grant the order or decline it, was a matter within his discretion. *Star Manufacturing Co. v. R. R.*, 222 N.C. 330, 333, 23 S.E. 2d 32; *Dunlap v. Guaranty Co., supra; Bank v. Newton,* 165 N.C. 363, 81 S.E. 317. The judge exercised his discretion by granting the application for inspection in part and refused it in part. We find no abuse of such discretion on the part of his Honor as to raise a legal question for our decision. The order entered below is

Affirmed.