WILLIAM A. TILLIS, SR., v. CALVINE COTTON MILLS, INC., A
CORPORATION, AND LEON SALKIND.

(Filed 10 October, 1956.)

**1. Appeal and Error § 19—**

The Rules of Court governing appeals are mandatory and will be enforced, even *ex mero motu.*

**2. Same—**

Appellant is required to group and bring forward such of his exceptions previously noted in the case on appeal as he desires to preserve, and the assignments of error should definitely and clearly present the asserted errors so that the Supreme Court is not compelled to go beyond the assignments themselves to ascertain the precise questions involved. Rule of Practice in the Supreme Court No. 19(3).

**3. Bill of Discovery § 8—**

The requirements of G.S. 8-89 are satisfied by a verified motion sufficiently designating the books, papers and documents sought to be inspected.

**4. Bill of Discovery § 9—**

A motion for inspection of writings, upon proper verified motion, is addressed to the discretion of the trial court.

**5. Same—**

Where the motion is for inspection of writings in the possession of the corporate defendant, and the order allows inspection of writings in the possession of both the corporate and individual defendant, but both defendants are represented by the same counsel and it appears that the individual defendant was the president of the corporate defendant and that the writings referred to in the order all relate to business of the corporate defendant, abuse of discretion in granting the order is not shown.

JOHNSON, J., not sitting.

APPEAL by defendants from *Campbell, J.,* June Regular B Civil Term 1956 of MECKLENBURG.

Civil action to recover damages for alleged breach of contract heard on motion of plaintiff, made pursuant to G.S. 8-89, for inspection of writings in the possession of the corporate defendant, after complaint and amended complaint and answers to the amended complaint had been duly filed in the action, which is now pending for trial in the Superior Court of Mecklenburg County.

The court below entered an order in its discretion for the inspection of writings in the possession of both defendants. The court found as a fact that the individual defendant at the time of the commencement of this action was, and still is, the president of the corporate defendant.

Defendants appeal, assigning error.

*G. T. Carswell, B. Irvin Boyle, and James F. Justice for Plaintiff, Appellee.*

*Sedberry, Clayton & Sanders for Defendants, Appellants.*

PARKER, J. This is the third time that this case has been before this Court. In 236 N.C. 553, 73 S.E. 2d 464, the defendants appealed from an order denying their motion for a bill of particulars. The appeal was dismissed. In 238 N.C. 124, 76 S.E. 2d 376, plaintiff appealed from an order allowing defendants' motion to examine the plaintiff before trial. The appeal was dismissed.

The defendants' assignments of error consist of a *seriatim* listing of their exceptions, except that the defendants assign as error the judge "in setting the record proper on appeal" incorporated certain portions of the record. It is plain that these incorporations are not prejudicial to the defendants. These assignments of error are typical: "1. That the court erred in failing and refusing to find the defendants' requested Fact #5. (Exception #2, R. p. 33)," and "6. That the court erred in failing and refusing to find defendants' requested conclusion #1. (Exception #9, R. p. 34)."

Rule 19(3) Rules of Practice in the Supreme Court, 221 N.C. 544; G.S. Volume 4A, p. 157, reads: "All exceptions relied on shall be grouped and separately numbered immediately before or after the signature to the case on appeal. Exceptions not thus set out will be deemed to be abandoned. If this rule is not complied with, and the appeal is not from a judgment of nonsuit, it will be dismissed . . ." The Rule further states the Court in its discretion may refer the transcript to the clerk or to some attorney to state the exceptions according to the Rule on certain conditions.

Rule 27½ of our Rules of Practice in this Court provides: "The statement of the questions involved or presented by the appeal, is designed to enable the Court, as well as counsel, to obtain an immediate view and grasp of the nature of the controversy; and a failure to comply with this rule may result in a dismissal of the appeal."

The Rules of this Court, governing appeals, are mandatory, and will be enforced, *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126: they will be enforced *ex mero motu* by this Court, *Pruitt v. Wood, supra; Anderson v. Heating Co.,* 238 N.C. 138, 76 S.E. 2d 458; *Donnell v. Cox,* 240 N.C. 259, 81 S.E. 2d 664; *Suits v. Ins. Co.,* 241 N.C. 483, 85 S.E. 2d 602.

An appellant is required to group and bring forward such of his exceptions previously made and noted in the case on appeal that he desires to preserve and present to the Court. *Suits v. Ins. Co., supra.*

This Court said in *Steelman v. Benfield; Parsons v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829: "Just what will constitute a sufficiently spe-

cific assignment must depend very largely upon the special circumstances of the particular case; but always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is. . . . the points determinative of the appeal, shall be stated clearly and intelligibly by the assignment of errors."

The assignments of error are quite similar to the assignments of error in *Cecil v. Lumber Co.*, 197 N.C. 81, 147 S.E. 735, in which case *Stacy, C. J.*, said for the Court: "The assignments of error, appearing on the present record, are not sufficiently definite to enable the Court to understand what questions are sought to be presented, without a voyage of discovery through the record, citing authority. Hence, the motion of plaintiffs to dismiss the appeal and to affirm the judgment for failure to comply with Rule 19, sec. 3, would seem to be well founded." To the same effect see: *Merritt v. Dick*, 169 N.C. 244, 85 S.E. 2; *Byrd v. Southerland*, 186 N.C. 384, 119 S.E. 2; *Investment Co. v. Chemicals Laboratory*, 233 N.C. 294, 63 S.E. 637.

The purported assignments of error, with the exception of the assignment of error to the signing of the order for the inspection of writings, do not throw the slightest light upon the questions upon which we are asked to pass on this appeal, and do not comply with Rule 19(3) and Rule 27½ of our Rules of Practice in this Court, and will not be considered. *Ellis v. R. R.*, 241 N.C. 747, 86 S.E. 2d 406; *Cecil v. Lumber Co., supra.*

The requirement of G.S. 8-89 that the books, papers and documents sought to be inspected contain "evidence relating to the merits of the action" is satisfied by the verified motion. This verified motion sufficiently designates the books, papers and documents sought to be inspected. *Construction Co. v. Housing Authority, ante,* 261, 93 S.E. 2d 98.

It is plain that plaintiff's verified motion discloses facts adequate to sustain the order entered. Therefore, the granting or refusal of the motion was within the discretion of the judge. *Construction Co. v. Housing Authority, supra; Star Manufacturing Co. v. R. R.*, 222 N.C. 330, 333, 23 S.E. 2d 32; *Dunlap v. Guaranty Co.*, 202 N.C. 651, 163 S.E. 750; *Bank v. Newton*, 165 N.C. 363, 81 S.E. 317. The judge exercised his discretion in allowing the motion to inspect.

It is true that the verified motion was to inspect writings in the possession of the corporate defendant, and the order allows an inspection of writings in the possession of both defendants. According to the order the individual defendant at the time of the institution of this action, and now, is president of the corporate defendant. The order is to inspect writings in respect to the business of the corporate defendant. This action has been pending for several years, and in this appeal both de-

fendants are represented by the same counsel. When the order was entered in the trial below the same counsel appeared in behalf of both defendants. No prejudicial error sufficient to modify the order as to the individual defendant by striking out its provisions as to him appears, for it is patent that the order refers to writings of the corporate defendant and not to any writings of his not connected with the business of the corporate defendant.

We find no abuse of discretion on the part of his Honor so as to raise a legal question for decision.

The order entered below is
Affirmed.

JOHNSON, J., not sitting.