MARY HUNT v. IVAN BRYANT DAVIS, POLLY McCULLEN DAVIS and THE WILSON DAILY TIMES, INC., a NORTH CAROLINA CORPORATION.

(Filed 19 March, 1958)

**1. Appeal and Error § 19—**

The rules governing appellate procedure are mandatory, and when appellant fails to comply, the appeal may be dismissed.

**2. Same—**

An assignment of error must show what question is intended to be presented without the necessity of paging through the record to find the asserted error, and a mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient.

**3. Appeal and Error § 45—**

Where it is determined that the asserted agent was not negligent, nonsuit as to the party sought to be held liable upon the doctrine of *respondeat superior* cannot be harmful.

APPEAL by plaintiff from BUNDY, J., December 1957 Civil Term of WILSON.

Plaintiff seeks compensation for injuries sustained when struck by an automobile driven by defendant Ivan Davis. She alleges: The automobile was owned jointly by the individual defendants, used for family purposes, and was, at the time complained of, engaged in the joint business of the defendants Davis; Ivan Davis, an employee of the corporate defendant, was at the moment of her injury engaged

in the business of his employer; her injuries were due to the negligent manner in which he operated the automobile.

Answers were filed by the individual defendants and by the corporate defendant. Each denied any negligence on the part of Ivan Davis, the driver. Each pleaded contributory negligence on the part of plaintiff. Each denied that Ivan Davis was an agent, servant, or employee of the corporate defendant.

When plaintiff rested, defendants moved for nonsuit. The motion was allowed as to the corporate defendant but denied as to the individual defendants. An exception was properly noted to the allowance of the motion to nonsuit as to the corporate defendant. Individual defendants then offered evidence. At the conclusion of all of the evidence they renewed their motion to nonsuit. The motion was overruled, and issues as to the negligence of the defendant Ivan Davis, liability of Polly Davis, contributory negligence, and damages were submitted to the jury. The first issue reading: "Was the plaintiff injured by the negligence of the defendant Ivan Bryan Davis, as alleged in the Complaint?" was answered in the negative. The other issues were not answered. Judgment was entered dismissing the action as upon nonsuit as to the corporate defendant and in conformity with the verdict as to the individual defendants. Plaintiff excepted and appealed.

*George H. Windsor for plaintiff appellant.*

*Gardner, Connor & Lee for defendants Ivan Bryan Davis and Polly McCullen Davis, appellees.*

*Taylor, Allen & Warren, attorneys for defendant The Wilson Daily Times, Inc., appellee.*

PER CURIAM. Defendants Davis moved to dismiss the appeal for failure to comply with our rules prescribing the method of preserving exceptions and presenting assignments of error.

Plaintiff assigns error in this manner: "ASSIGNMENT #1: EXceptions 1 (R p 18), 2 (R p 23), 3 (R pp 23-24), 4 (R p 25), 5, 6 (R pp 26-27), 7, 8, 9 (R p 27).

"Errors relate to the undue and improper limitations and restrictions imposed by the Court on plaintiff in examination of witnesses and exclusion of offered evidence going to the negligence of the defendant Ivan Davis."

"ASSIGNMENT # 6, EXCEPTIONS 26 (R p 58), 27, 28 (R pp 59-60), 29, 30 (R p 61), 31 (R p 62), 32, 33 (R p 63), 34, 35 (R pp 64-65), 36, 37 (R pp 65-66), 38 (R p 66), 39, 40 (R pp 67-68).

"Errors relate to the charge of the Court pertaining to Issue # 1. The Court did not properly explain the law, burden of proof. The

Court did not explain the applicability of the law of negligence to the evidence before the Court, as required by GS 1-180."

Rules covering appellate procedure in this Court appear as Appendix 1 in Volume 4A of the General Statutes. They are also published in 221 N.C. Reports, p. 544, et seq. the rules are mandatory, and when appellant fails to comply, he may anticipate a dismissal. *Tillis v. Cotton Mills,* 244 N.C. 587, 94 S.E. 2d 600; *Baker v. Clayton,* 202 N.C. 741, 164 S.E. 233; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *Calvert v. Carstarphen,* 133 N.C. 25.

Under the rules, asserted error must be based on an appropriate exception, and the errors relied on must be properly assigned. See Rules 19 and 21. We have repeatedly said that these rules require the assignment of error to show what question is intended to be presented for consideration without the necessity of paging through the record to find the asserted error. A mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient. *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271; *Armstrong v. Howard,* 244 N.C. 598, 94 S.E. 2d 594; *Allen v. Allen,* 244 N.C. 446, 94 S.E. 2d 325; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *Seed Co. v. Cochran & Co.,* 203 N.C. 844, 165 S.E. 354; *Greene v. Dishman,* 202 N.C. 811, 164 S.E. 342. These cases demonstrate the inadequacy of plaintiff's assignments of error as they relate to her appeal from that portion of the judgment denying plaintiff's right to recover from the individual defendants. The motion to dismiss is allowed.

Plaintiff's exception and assignment of error as it relates to the judgment of nonsuit is in proper form and complies with our rules. It is, however, not necessary to consider an exception and assignment of error when it is apparent that the error, if any, is harmless. Liability of the corporate defendant is predicated on the doctrine of *respondeat superior.* It has been determined that the asserted agent was not negligent, and plaintiff is bound by that adjudication by the dismissal of her appeal. Since liability of the master or employer can only rest on a finding that the agent or employee was negligent, no harm can come to plaintiff by adjudging the evidence insufficient to establish the asserted agency.

As to the individual defendants the appeal is

Dismissed.

As to the corporate defendant the judgment is

Affirmed.