plaintiff and defendant that the first issue of negligence should be answered Yes, and the issue of damages only should be submitted to the jury.

The jury found by its verdict that plaintiff was injured by the negligence of the defendant as alleged in the complaint, and awarded damages in the amount of $14,000.00.

From judgment in accord with the verdict, defendant appeals.

*N. H. McGeachy, Jr., for plaintiff, appellee.*
*Nance, Barrington & Collier for defendant, appellant.*

PER CURIAM.  The burden is on appellant to show prejudicial error amounting to the denial of some substantial right. *Kennedy v. James*, 252 N.C. 434, ...... S.E. 2d ....... A careful examination of defendant's assignments of error discloses no prejudicial error that would justify a new trial. All these assignments of error are overruled. The verdict and judgment will be upheld.

No error.

────────────

A. W. WOOD v. OLA P. SEWARD AND M. C. SEWARD.

(Filed 4 May, 1960.)

**Appeal and Error § 19—**

Appeal dismissed on authority of *Hunt v. Davis*, 248 N.C. 69 for failure properly to group the exceptions.

APPEAL by plaintiff from an order of *Gwyn, J.,* February 22, 1960 Civil Term, of GUILFORD (High Point Division).

This action was begun to recover damages resulting from an alleged breach of contract. A judgment by default and inquiry was rendered by the clerk. Defendants gave notice of an intent to move to vacate the judgment because of excusable neglect. The motion was not made at the time fixed in the notice. Judge Thompson, without a hearing and before the motion was filed, rendered judgment refusing to set the default judgment aside. Thereafter defendants filed their motion to set aside the default judgment for excusable neglect and to set aside the judgment rendered by Judge Thompson for irregularity. These motions were heard by Judge Gwyn. He made extensive findings of fact and on his findings concluded the judgment rendered by Judge Thompson was irregular, defendants had a good and meri-

torious defense, and the failure to file an answer in due time was due to excusable neglect. Based on his findings he vacated both judgments. Plaintiff took exceptions to the findings of fact and conclusions of law and appealed.

*Schoch and Schoch for plaintiff, appellant.*
*Robert S. Cahoon for defendant, appellees.*

Per Curiam. Plaintiff groups his exceptions in substantially the same manner condemned in *Hunt v. Davis*, 248 N.C. 69, 102 S.E. 2d 405. For the reasons there given, the appeal is
Dismissed.

---

## MRS. CALLIE C. YORK v. JOSEPH O. COLE and wife, SARAH FRANCES COLE.

### (Filed 4 May, 1950.)

Appeal by defendants from *Sharp, Special J.,* at January 11 Regular Civil Term, 1960, of Guilford, High Point Division—heard upon motion of defendants for removal of the cause of action, as a matter of right, from Guilford County, North Carolina, to and for trial in Wake County, North Carolina,—possession of personal property being involved in the action.

The record shows that the cause came on for hearing before Sharp, S. J., assigned to hold the aforesaid Civil Term of the Superior Court, who, after reciting the procedural history of the action, finds "that on December 9, 1959, the defendants filed a motion in writing that the 'cause of action for the recovery of the automobile and all other personal property described in the complaint, except the property described in paragraph 32 of the plaintiff's amended complaint, be moved to Wake County for trial.'" It is there, that is, in paragraph 32, described as certain specific household and kitchen furniture owned by plaintiff of the approximate value of five thousand dollars, and located in her three houses in High Point.

And the record recites that after reading the pleadings and other papers filed in this case and hearing argument of counsel the court being of the opinion that the motion to remove as a matter of right should be denied, "ordered, adjudged and decreed that the motion to remove be and the same is hereby denied."

Defendants except thereto and appeal therefrom to Supreme Court and assign error.