STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION v. JULIUS M. FOX, D/B/A FOX TRANSFER COMPANY, GASTONIA, NORTH CAROLINA.

(Filed 26 November, 1952.)

**Utilities Commission § 5—**

Upon appeal from the denial by the Utilities Commission of a petition for amendment of certificate to permit petitioner, an irregular route common carrier of property, to interchange traffic with named interstate common carriers of property, *held* review in the Superior Court is limited to the record as certified and to questions of law therein presented, and where the decision in the Superior Court is based on additional findings made by the court, the cause will be remanded to the Superior Court for judgment on the questions of law presented by the record as certified or for remand to the Utilities Commission for additional findings if any be deemed necessary.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by North Carolina Utilities Commission and Protestants, from *Nettles, J.,* September Civil Term, 1952, of GASTON. Remanded.

This was a proceeding instituted before the North Carolina Utilities Commission by the application of Julius M. Fox, an irregular route com-

mon carrier of property, operating under the name of Fox Transfer Company, for an order amending his certificate as such carrier and permitting interchange of traffic of all kinds with four other named common carriers of property.

The applicant is holder of Certificate C-178 issued by the North Carolina Utilities Commission, and has also been granted Certificate MC-97873 by the Interstate Commerce Commission by the terms of which he is authorized to interchange traffic with other common carriers in interstate commerce, subject to the approval of the North Carolina Utilities Commission.

Applicant alleges that he has been advised that under the regulations of the Interstate Commerce Commission he "may conduct operations in interstate commerce only to the extent permitted in intrastate commerce by his state certificate"; and that Rule 44 as adopted by the Utilities Commission unduly restricts applicant's right of interchange; and that the amendment of his state certificate so as to permit interchange of traffic as prayed would prevent an unjust and unlawful restriction upon his rights.

The order of the Utilities Commission referred to as Rule 44, is as follows:

"Rule 44. Interchange of Traffic. No traffic shall be interchanged between contract carriers, nor between a contract carrier and a common carrier, nor between a regular route common carrier and an irregular route common carrier, nor between two irregular route common carriers, except after application to the Commission and upon the filing of an application the Commission shall within a reasonable time, fix a time and place for hearing such application not less than thirty (30) days after such filing. . . . The Commission shall cause notice of the time and place of hearing to be given by mail to the applicant; to other motor carriers holding certificates or permits and operating in the territory proposed to be served by the applicant; to other motor carriers who have pending applications to so operate; and to rail carriers operating in such territory. Dual operations, that is, the authority to operate both as a contract carrier and as a common carrier, or both as a regular route common carrier and as an irregular route common carrier, shall be construed as separate and independent operations for the purpose of this rule, and no interchange or transfer of traffic from one such operation to another shall be made except after compliance with the foregoing provisions of this rule."

Protests to the granting of the application were filed by Fredrickson Motor Express, Miller Motor Express, Helms Motor Express, Great Southern Trucking Co., Bottoms-Fiske Co., McLean Trucking Co., and Overnite Transportation Co., and these were admitted as parties to the record.

After hearing the evidence offered the Commission entered order denying the application. Exceptions filed by applicant were overruled and his petition to rehear was denied.

In the order denying the application the stated views of the Utilities Commission may be summarized as follows:

The purpose of the applicant is to obtain right to interchange interstate traffic with certain named carriers of property. The Utilities Commission does not have the power to grant or deny the applicant the right to engage in interstate commerce. The interchange of interstate traffic with other carriers, within or without the State, is controlled by Federal laws and regulations. The Interstate Commerce Act does not require a carrier engaged solely in intrastate commerce to obtain authority from the Interstate Commerce Commission for transportation of property in interstate commerce between places within the State, if there is a commission in the State and the carrier has a certificate from such commission. "Such transportation shall, however, be otherwise subject to the jurisdiction of the (Interstate Commerce) Commission under this part." Sec. 206, Part II, I.C.C. Act. The applicant, having been advised by the Interstate Commerce Commission that he could not interchange with other carriers traffic moving in interstate commerce without authority granted by the State, now applies to the Utilities Commission for an order amending his certificate so as to permit him to interchange traffic of all kinds with the named carriers. This the Utilities Commission declines to allow. The Utilities Commission adds that if Rule 44 needs modification this should be done in a proper proceeding for that purpose after notice to all carriers.

In his petition to rehear the applicant points out that the order denying his application in effect sustains the validity of Rule 44; that while the Commission holds it does not undertake to regulate interstate commerce, Rule 44 constitutes a direct regulation of interstate commerce; that the order deprives him of rights vested in him by sec. 7 of the North Carolina Truck Act as he was a common carrier by motor vehicles 1 January, 1947. He asserts that Rule 44 violates Art. I, sec. 17, of the Constitution of North Carolina, and that it violates Art. I, sec. 8 (3), of the Constitution of the United States, and deprives him of his property without due process of law in violation of the 5th and 14th Amendments to the Constitution of the United States.

In the Superior Court the judge found the following facts:

"That Julius M. Fox, d/b/a Fox Transfer Company, Gastonia, North Carolina, is now, and has been for a period of approximately 18 years, engaged in the transportation of freight for hire and at the time of this hearing operated three tractors, one straight truck, two flat trailers, and three vans; and it further appearing to the court that subsequent to the

adoption of the North Carolina Truck Act, the said Julius M. Fox was awarded Certificate C-178 granting him authority to transport freight for compensation as an irregular route common carrier within the territory defined in said Certificate C-178;

"That the said Fox Transfer Company holds Certificate No. MC-97873 issued by the Interstate Commerce Commission authorizing the carrying on of business in interstate commerce;

"That prior to the adoption of the North Carolina Truck Act, said Julius M. Fox engaged in the interchange of freight with Grubb Motor Lines, Lexington, North Carolina, and with Billings Transfer Corporation, Inc., Lexington, North Carolina, and that since the adoption of said Truck Act has interchanged freight with Bruce Johnson Trucking Company of Charlotte, North Carolina, and had at the time of his application made arrangements for interchanging freight with James H. C. Huitt, d/b/a Huitt Roofing and Trucking Company, Hiddenite, North Carolina.

"That subsequent to the issuance of said Certificate C-178, the North Carolina Utilities Commission undertook to adopt Rule 44 as Supplement No. 1 to General Order No. 4066-A and ordered the same to become effective on July 1, 1951.

"That on December 5, 1951, the said Julius M. Fox, d/b/a Fox Transfer Company, was notified by letter from the Interstate Commission that due to the adoption of Rule 44 by the North Carolina Utilities Commission it would be a violation of the Interstate Commerce Commission's regulations for the said carrier to interchange freight with any other irregular route common carrier or any regular route common carrier due to the limitation enunciated in said Rule 44.

"That an application dated January 19, 1952, was filed by the said Fox Transfer Company with the said North Carolina Utilities Commission pursuant to Rule 44, praying that an order be issued by the Commission amending its Certificate C-178 to provide that the Fox Transfer Company may thereafter interchange traffic of all kinds with the above-named carriers with whom he had done business and/or made arrangements to thereafter engage in the business of interchanging traffic or freight. That hearing upon said application was had on March 6, 1952, before the North Carolina Utilities Commission and that thereafter, on March 21, 1952, an order was entered by said Commission denying the application of the Fox Transfer Company and rejecting the contention of the said applicant that Rule 44 was unlawful and unconstitutional and arbitrarily and capriciously adopted by the Commission.

"That on April 9, 1952, a petition for rehearing was filed with the Commission by Julius M. Fox, d/b/a Fox Transfer Company, but petition was denied by order of the Commission dated April 21, 1952.

"That on April 28, 1952, Julius M. Fox, d/b/a Fox Transfer Company, gave notice of appeal to the Superior Court from the order of the Commission denying the petition for rehearing and the order of the Commission dated March 21, 1952, above referred to.

"Upon the foregoing findings of fact and the consideration of the law arising in this cause:

"It is ordered, adjudged and decreed that the order of the North Carolina Utilities Commission dated March 21, 1952, and the order denying petition for rehearing dated April 21, 1952, are hereby declared null and void for the reason that the same are arbitrary and capricious and in violation of the constitutional provisions and in excess of the statutory authority of the said Commission;

"And it is further ordered, adjudged and decreed that Rule 44 promulgated by the Commission as a part of Supplement No. 1 to General Order No. 4066-A of the North Carolina Utilities Commission is hereby declared to be null and void for the reason that the same is arbitrary and capricious and the attempt by said Commission to adopt the same was unlawful and in violation of constitutional provisions and in excess of the statutory authority granted to said Commission by the General Assembly."

From the judgment entered the Utilities Commission and the intervening protestants appealed.

*Attorney-General McMullan and Assistant Attorney-General Paylor for North Carolina Utilities Commission, plaintiff, appellant.*

*Arch T. Allen for Great Southern Trucking Company, appellant, intervener.*

*J. Ruffin Bailey for Fredrickson Motor Express, Helms Motor Express, Inc., and Miller Motor Express, appellants, interveners.*

*J. Wilbur Bunn for Overnite Transportation Company, intervener.*

*Basil L. Whitener for defendant, appellee.*

DEVIN, C. J.    The General Assembly has constituted the North Carolina Utilities Commission, for certain enumerated purposes, a court of record, with right of appeal therefrom to the Superior Court, and has prescribed the procedure, scope and extent of review on such appeal. Ch. 989, Session Laws 1949, now codified as G.S. 62-26.10.  The Superior Court is authorized to review the proceedings without a jury, and such review shall be confined to the record as certified, except as to certain matters not here pertinent, and "the court shall decide all relevant questions of law." *Utilities Com. v. R. R.,* 235 N.C. 273, 69 S.E. 2d 502. "Appeals from the Utilities Commission are confined to questions of law, and on appeal the appellant may not rely upon any grounds for relief

which are not set forth in his petition for rehearing by the Commission." *Utilities Com. v. Coach Co.,* 233 N.C. 119, 63 S.E. 2d 113.

When the appeal from the order of the Utilities Commission in the instant case was duly prosecuted and presented to the Superior Court, the extent of the review was limited to the record as certified and to the questions of law therein presented. There is no provision for additional findings of fact by the judge for the purpose of determining the validity of the order of the Utilities Commission brought in question.

Here it appears the trial judge made findings of fact and upon the findings so made rendered judgment that the order of the Commission was null and void.

Without undertaking at this time and in this state of the record to determine the questions sought to be presented for decision, we deem it proper to remand the case to the Superior Court for judgment on the questions of law presented by the record as certified, or for remand to the Utilities Commission for additional findings if any may be deemed necessary.

Remanded.

PARKER, J., took no part in the consideration or decision of this case.